UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICON AMAZING, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:13-cv-01449 |
| | § | Admiralty Rule 9(h) |
| AMAZING SHIPPING, LTD. and | § | |
| GEDEN HOLDINGS, LTD. | § | |
| | § | |
| Defendants. | § | |

**RESPONSE TO MOTION FOR EXPEDITED, EMERGENCY HEARING ON DEFENDANTS' MOTION TO VACATE ATTACHMENT AND DISMISS COMPLAINT**

Plaintiff, ICON Amazing, LLC ("Plaintiff" or "ICON"), appearing through undersigned counsel, respectfully opposes the Motion for Expedited, Emergency Hearing of Defendants' Motion to Vacate Attachment and Dismiss Complaint filed by Geden Holdings, Ltd. ("Geden"), which would impose an unreasonable burden on the Court and ICON.

As Geden acknowledges, the M/V HERO (the "Vessel") has been under attachment pursuant to this Honorable Court's writ since May 24, 2013. In the eleven (11) days since the attachment, ICON's principals and undersigned counsel have repeatedly reached out to Geden and its attorneys in hopes of reaching an amicable resolution of this dispute or, failing that, an agreement as to substitute security so that the Vessel could recommence trading. For nearly two weeks, Geden and its counsel have essentially ignored ICON's efforts to open a dialogue, and have not proposed any substitute security or reasonable alternative to release the vessel. The vessel has sat idly while Geden has done nothing constructive to obtain its release. Under the circumstances, Geden has not demonstrated any urgency in obtaining the release of its vessel. Indeed, its lackadaisical attitude is surprising, since most operators strive to obtain the prompt

release of the vessel by posting security or paying the underlying claim; at the very least they attempt to minimize delays and costs. Geden has not shown that there is any urgency or emergency during the time the vessel has been attached. Its request now for an emergency hearing with a turnaround of two days is unreasonable and is not supported by the facts.

Geden now relies on its own delay to claim that it has suffered prejudice and to suggest that a Motion to Vacate filed late on the afternoon of June 4, 2013, should be set for hearing no later than June 7, 2013. This schedule is unreasonable and would deprive ICON of a fair opportunity to respond to Geden's arguments. Moreover, even if ICON is able to respond in the mere hours Geden would allow it, the Court would have little or no time to familiarize itself with the parties' submissions before conducting a hearing on Rule B's application and the scope of admiralty jurisdiction.

In light of the above, ICON respectfully requests that the hearing on Geden's Motion to Vacate be scheduled during the week starting Monday, June 10, 2013, and as convenient to the Court, in order to give ICON sufficient time to prepare and travel.

        Respectfully submitted,

        /s/ Derek A. Walker
        Derek A. Walker
        Texas State Bar No. 00786376
        Attorney-in-Charge
        Dimitri P. Georgantas
        Texas State Bar No. 07805100
        Kevin P. Walters
        Texas State Bar No. 20818000
        Federal I.D. No. 5649
        815 Walker Street, Suite 953
        Houston, Texas 77002
        Telephone:  713-546-9800
        Facsimile:  713-546-9806

and

Alan R. Davis, LA Bar #31694
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for ICON Amazing LLC**

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was electronically filed via EFC filing with the Clerk with a copy served electronically by the Clerk to all counsel of record on this 5th day of June, 2013.

                                      */s/ Derek A. Walker*
                                      Derek A. Walker