UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICON AMAZING, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:13-cv-01449 |
| | § | Admiralty Rule 9(h) |
| AMAZING SHIPPING, LTD. and | § | |
| GEDEN HOLDINGS, LTD. | § | |
| | § | |
| Defendants. | § | |

## EMERGENCY MOTION FOR STAY OF ORDER VACATING ATTACHMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, ICON Amazing, LLC ("ICON"), and moves this Honorable Court to stay the effect of its Order of June 11, 2013 (Rec. Doc. 36), which vacated the writ of attachment of the M/V HERO (the "Vessel").

As the Court is aware, this dispute arises out of an admitted debt owed by Amazing Shipping, Ltd. ("Amazing Shipping") and Geden Holdings, Ltd. ("Geden") for the ongoing breach of a Barecon 2001 charter party between ICON and Amazing Shipping. The debt, and ICON's loss, grows daily as ICON's vessel continues to perform under the charter party without receiving the promised charter hire from Amazing Shipping. Jurisdiction was obtained by the attachment of the Vessel on May 26, 2013. On June 11, 2013, following a preliminary hearing under

-

Admiralty Rule E, the Court issued an Order vacating that attachment based on a finding that it lacked admiralty jurisdiction over this dispute.

The Court's order vacating the attachment is appealable of right under 28 U.S.C. § 1291 as a collateral order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A.*, 339 U.S. 684, 689, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); *Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A. of Ravenna*, 132 F.3d 264, 267 (5th Cir. 1998).

Because the Court issued its Order vacating the attachment of the Vessel without written reasons, ICON is without any statement of the factual findings and legal conclusions that led the Court to conclude that it lacks jurisdiction over this matter. However, as the Court's Order would seem to suggest that the bareboat charter party at issue is not a maritime contract, ICON respectfully believes that the Court's Order is based on erroneous factual findings and/or incorrect conclusions of law. In order to preserve its right to appeal, ICON therefore requests that the effect of the Order be stayed pending publication of the Court's written reasons for its Order and, if necessary, ICON's filing of an appeal with the Fifth Circuit Court of Appeals. A single stay pending ICON's potential appeal of the Court's decision will obviate the need for ICON to return to Court several times in the interim to request issuance of multiple short stays.

Such a stay is warranted because once the *res* leaves the jurisdiction of the Court ICON's appeal may be rendered moot. *See Pride Shipping Corp. v. Tafu Lumber Co.*, 898 F.2d 1404, 1409-10 (9th Cir. 1990). Accordingly, to preserve the status quo pending the appeal, under the authority of Fed. R. Civ. P. 62(d), ICON requests this Court stay its Order vacating the writ of attachment.

Whether to grant such a stay is within the discretion of the Court upon applying the following criteria: (1) whether the appeal involves a serious legal question; (2) whether irreparable injury will otherwise result absent a stay; (3) whether granting the relief would not substantially harm the other parties; and (4) whether the public interest is served by a stay. *See United States v. Baylor University Medical Center*, 711 F.2d 38, 39 (5th Cir. 1983), *affirmed, modified, and vacated in part*, 736 F.2d 1039 (5th Cir. 1984), *cert. denied*, 469 U.S. 1189 (1985). Determining whether to grant a stay is essentially a balancing of the equities. *Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

ICON meets all of the requisites for a stay pending appeal from the Court's judgment vacating the writ of attachment. First, the appeal involves a serious legal question whether the Court committed error in failing to maintain the writ of attachment – specifically, whether a bareboat charter party in the form agreed to between ICON and Amazing Shipping is a maritime contract. Second, irreparable injury will result if this Court does not stay the effect of its Order because, absent a

stay, the *res* which forms the basis of the Court's jurisdiction will imminently depart from the jurisdiction. If that is allowed to happen, Amazing Shipping and Geden will essentially be allowed to continue their enjoyment of ICON's vessel and their breach of the governing charter party, and ICON will be deprived of the forum it has found to litigate its claim and the security represented by the attached *res*. ICON may have no other chance to establish jurisdiction and secure its claim, thus rendering the harm of the Vessel's departure irreparable. Third, granting a stay will not substantially harm the other party(ies) in this case, who may secure the Vessel's release by posting bonds if they so choose and who have already allowed the Vessel to sit under attachment for two weeks. Fourth, the public interest is best served by a stay, as a stay will prevent the Court from potentially losing jurisdiction to resolve a dispute before it while questions regarding the existence of that jurisdiction are resolved.

## **CONCLUSION**

For the foregoing reasons, ICON respectfully moves this Court to stay its Order vacating the attachment of the M/V HERO pending the issuance of written reasons for the Court's decision.

        Respectfully submitted,

        /s/ Derek A. Walker
        Derek A. Walker
        Texas State Bar No. 00786376
        Attorney-in-Charge
        Kevin P. Walters
        Texas State Bar No. 20818000
        Federal I.D. No. 5649
        801 Travis Street, Suite 1910
        Houston, Texas 77002
        Telephone: 713-546-9800
        Facsimile: 713-546-9806

        and

        Alan R. Davis, LA Bar #31694
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, LA 70163-2300
        Telephone: (504) 585-7000
        **Attorneys for ICON Amazing, LLC**

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## CERTIFICATE OF CONFERENCE

I certify that counsel for movant has conferred with counsel for respondent regarding the contents of this motion. Counsel for respondent is opposed. Counsel cannot agree about the disposition of this motion.

*/s/ Derek A. Walker*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was electronically filed via ECF filing with the Clerk with a copy served electronically by the Clerk to all counsel of record on this 11th day of June, 2013.

*/s/ Derek A. Walker*