UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICON AMAZING, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:13-cv-01449 |
| | § | Admiralty Rule 9(h) |
| AMAZING SHIPPING, LTD. and | § | |
| GEDEN HOLDINGS, LTD. | § | |
| | § | |
| Defendants. | § | |

**EMERGENCY MOTION TO EXTEND AND/OR CLARIFY THE STAY ORDER OF MOTION AND ORDER TO VACATE ATTACHMENT AND FOR AN ORDER COMPELLING THE VESSEL TO RETURN AND/OR REMAIN IN THE JURISDICTION PENDING ISSUANCE OF WRITTEN REASONS AND APPEAL TO THE FIFTH CIRCUIT COURT**

NOW COMES Plaintiff, ICON Amazing, LLC ("ICON"), who respectfully moves this Honorable Court for an extension of the Court's Order of June 12, 2013 (Record Doc.#41) granting [37] Motion to Stay Order Vacating Attachment, which stayed the effect of the writ of attachment of the M/V HERO ("the Vessel").

ICON's Emergency Motion for a Stay Order Vacating Attachment requested the stay of Your Honor's Order to allow the court to issue written reasons and thereafter allow ICON sufficient time to appeal the order to the Fifth Circuit Court

2083219-1

of Appeals, if necessary. That request was explained in the body of the motion and reflected in the proposed order which suggested a minimum of twenty-four hours additional time subsequent to the issuance of Your Honor's written reasons to petition to the Fifth Circuit Court of Appeals. Obviously, a stay only until written reasons are issued, without the additional time to consider and appeal the ruling, would be of very limited use in ensuring that ICON's appeal right is preserved, and would simply force ICON to request another stay from this court or from the Fifth Circuit, again on an emergency basis.

Therefore, it is respectfully suggested that Your Honor's order should reflect the practicalities and realities of this situation (a debt admittedly owed by the defendant whose vessel has been in port for nearly three weeks without any "emergency" need for departure, and the need for sufficient time to obtain, consider, and appeal the court's order and written reasons) and extend the stay for an appropriate period of time <u>after</u> issuance of written rulings by Your Honor. We suggest that an additional working day (i.e. until Monday at 5:00 p.m. if written reasons are issued on Friday would be the minimum required) to allow ICON to file appropriate pleadings with the Fifth Circuit Court of Appeals.[1]

---

[1] Obviously if the ruling is issued at 4:00 p.m. on Friday, June 13, 2013, this would not allow sufficient time for ICON to petition to the Fifth Circuit and we respectfully request that the court take into consideration these time constraints and weekends, and consider a stay through close of business on June 17, 2013.

Additionally, ICON respectfully requests the Court issue an order compelling the M/V HERO to remain within (or if necessary return to) the Court's jurisdiction throughout any stay issued by this Court or the Fifth Circuit. The Court issued its order vacating the attachment at approximately 3:45 p.m. on June 11. After consultation with ICON, counsel took immediate steps to request a stay of the order in light of the fact that the vessel could sail out of the jurisdiction once the U.S. Marshal effected the court's order vacating the attachment. We contacted Your Honor's chamber's but were unable to speak to anyone and we therefore called the Clerk of Court's emergency number to inquire as to whether there was a "night judge" or magistrate available to consider an emergency motion for stay. The Clerk of Court referred counsel to Judge Hughes, who agreed to consider ICON's emergency motion and requested that we submit a written motion immediately. While in the process of doing so, Judge Hughes contacted Alan Davis, counsel for ICON, to advise that he had obtained Geden's assurance that the Vessel would not leave the jurisdiction until the Emergency Motion for Stay could be decided the following morning (June 12). Judge Hughes indicated that he would consider the motion at 8:30 or so and would contact counsel if a conference was necessary.

We were contacted by Your Honor's chambers on the morning of June 12 and advised that Your Honor, not Judge Hughes, would be handling the stay request.

Within hours, the Court granted ICON's request for a stay. A stay effectively causes the matter to retain *status quo* pending further action or resolution, including, that the vessel remain within the court's jurisdiction as requested by Judge Hughes. This was and is crucial in this case, as the Vessel is the *res* giving the Court jurisdiction. At the time Your Honor issued the Stay Order, based on the representations given to Judge Hughes, the court must have assumed the vessel was in the jurisdiction and would remain in the jurisdiction in accordance with the Stay Order.

We have now been advised by counsel for Geden that in breach of the representations made to Judge Hughes (as those were communicated to Mr. Davis) the vessel has sailed outside of the court's jurisdiction in violation of the Stay Order and is planning to sail to the Bahamas and then to Newfoundland. This is occurring while there is a stay issued by Your Honor which itself <u>prevents</u> the vessel from sailing because it stays the effect of the motion vacating the attachment, and in spite of the representations made to Judge Hughes at 7:00 p.m. on June 11.

Accordingly, ICON respectfully requests that Your Honor compel Geden to post security to cover ICON's claim during the pendency of the stay and resolution of this matter by the Fifth Circuit. If security is not obtained, ICON runs the risk of being left without recourse because the vessel could sink or be lost at

sea and no security representing the vessel could be obtained. The security requested can also be compelled as a sanction against Geden for violating the terms of the stay order and of Judge Hughes's instructions. Alternatively, we respectfully request the court order the vessel to return immediately to the court's jurisdiction.

        Respectfully submitted,

        /s/ Derek A. Walker
        Derek A. Walker
        Texas State Bar No. 00786376
        Attorney-in-Charge
        Kevin P. Walters
        Texas State Bar No. 20818000
        Federal I.D. No. 5649
        815 Walker Street, Suite 953
        Houston, Texas 77002
        Telephone:  713-546-9800
        Facsimile:  713-546-9806

        and

        Alan R. Davis, LA Bar #31694
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, LA 70163-2300
        Telephone: (504) 585-7000
        **Attorneys for ICON Amazing LLC**

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading was electronically filed via EFC filing with the Clerk with a copy served electronically by the Clerk to all counsel of record on this 13th day of June, 2013.

*/S/ Derek A. Walker*