IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICON AMAZING, LLC | § | |
| | § | |
| VERSUS | § | |
| | § | C.A. NO. 4:13-CV-01449 |
| AMAZING SHIPPING LTD., | § | |
| GEDEN HOLDINGS, LTD. | § | |
| | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO EXTEND AND/OR CLARIFY THE STAY ORDER OF MOTION AND ORDER TO VACATE ATTACHMENT AND FOR AN ORDER COMPELLING THE VESSEL TO RETURN AND/OR REMAIN IN THE JURISDICTION PENDING ISSUANCE OF WRITTEN REASONS AND APPEAL TO THE FIFTH CIRCUIT COURT

Defendants oppose Plaintiff's latest motion (Document No. 43) for the reasons detailed below.

Defendants reject the erroneous implication of Plaintiff's motion that the vessel departed this jurisdiction wrongfully, and that Defendants should therefore be sanctioned by the Court and compelled to provide security for Plaintiff's claims. Plaintiff's request hides from the Court the fact that the vessel departed this jurisdiction because Plaintiff's counsel instructed the U.S. Marshal to release the vessel from attachment, and did not advise the Court or counsel for

PD.9781804.1

Defendants that the vessel had been released and cleared by the Marshal, the U.S. Coast Guard, and the Houston Pilots to depart.

Shortly after the Court issued its order on June 11, 2013 (Document No. 36), vacating the attachment and dismissing Plaintiff's complaint, the undersigned contacted the office of the U.S. Marshal by telephone to enquire what would need to be done to effect the release of the vessel. Patricia Lopez of the Marshal's office informed the undersigned that the Marshal could not release the vessel without written instructions to do so from counsel for Plaintiff.

The undersigned then immediately contacted the Houston-based counsel for Plaintiff and asked when that instruction would be given to the Marshal. Plaintiff's counsel advised that he would need to confer with his New Orleans co-counsel, and would revert. This was prior to the close of business on June 11. The undersigned never received a return call.[1]

At exactly 6:24 p.m., the undersigned received a call from United States District Judge Lynn Hughes. Judge Hughes advised the

---

[1] Please note that Defendants attempted to work around Plaintiff's apparent reluctance to release the vessel by including language in their proposed order filed the next day (Document No. 39-1) stating, "The United States Marshal is ordered to release the vessel HERO from attachment."

PD.9781804.1

undersigned that he had been alerted to standby and await an impending emergency motion to stay this Court's order vacating the attachment and dismissing the complaint. The undersigned asked Judge Hughes if a hearing would be held that night, and Judge Hughes asked if the vessel was preparing to depart. The undersigned related to Judge Hughes the information that had been obtained from the Marshal's office, which was that the vessel would not be released absent written instruction from Plaintiff's counsel. Based on that, the undersigned told Judge Hughes words to the effect of, "The vessel is not going anywhere tonight unless counsel for Plaintiff lets it go."

With that, Judge Hughes said that he would review Plaintiff's expected motion at 8:30 the next morning, and if he wanted a response from Defendants he would invite it. Contrary to Plaintiff's assertions, Judge Hughes never "requested" or "instructed" Defendants to keep the vessel within the jurisdiction.

However, unknown to everybody *except counsel for Plaintiff*, counsel for Plaintiff had already instructed the U.S. Marshal to release the vessel from attachment and clear it to sail. Prior to filing its motion for stay, counsel for Plaintiff called the office of the Marshal, instructed

that the attachment had been vacated, and followed up by sending an email to the Marshal confirming their discussion and providing a copy of the order vacating the attachment.[2]

Pursuant to those instructions, the Marshal then provided written instruction to the U.S. Coast Guard, the Houston Pilots, and the vessel's agent that the vessel was released from judicial custody.[3] At no time were counsel for Defendants ever advised that Plaintiff had lifted the attachment of the vessel and that it had been cleared to sail.

The order authorizing the attachment of the vessel (Document No. 12) provides that "the M/V HERO . . . can be released from seizure without the necessity of further order of this Court, provided that the U.S. Marshal receives written authorization to do so from the attorney who requested the attachment . . ." Having received written authorization from counsel for Plaintiff to release the vessel, the Marshal did just that, in full compliance with the order of attachment.

Contrary to Plaintiff's assertion that the order of stay <u>prevents</u> the

---

[2] Exhibit 1, email dated June 11, 2013 at 5:06 p.m. from counsel for Plaintiff to Patricia Lopez of the U.S. Marshal's office.
[3] Exhibit 2, email dated June 11, 2013 at 5:13 p.m. from the Marshal's office to the relevant authorities.

PD.9781804.1

vessel from leaving, the order of stay merely prevented Defendants from compelling the vessel's release. Having released the vessel without advising Defendants or the Court, and having failed to make any attempt to have the Marshal reverse the release once the order of stay was issued, Plaintiff may now regret its actions – but to ask the Court to impose sanctions upon Defendants because the vessel departed once it was told it was free to do so is disingenuous to say the very least. Even more disingenuous is Plaintiff's hiding from the Court the fact that Plaintiff itself released the vessel.

It is important for Defendants to ensure that the Court understands that Defendants and their counsel were not "hiding behind the log" by acquiescing to Plaintiff's release of the vessel despite knowledge that Plaintiff was simultaneously attempting to obtain a stay of the order vacating the attachment. Defendants' counsel did not become aware that the vessel had been released from attachment and had departed until the morning of June 13. The undersigned then immediately informed the Court's case manager via telephone that Plaintiff had released the vessel and it had departed the jurisdiction.

Neither counsel for Defendants nor Defendants' management

were informed by counsel for Plaintiff or by the Marshal's office that the vessel had been released. The vessel's master, presumably having been informed by the vessel's agent that the Marshal had released the vessel, then departed for the vessel's previously-scheduled next loading port.

Because Plaintiff's counsel did not copy counsel for Defendant on the written authorization to the Marshal or inform counsel for Defendant that the attachment had been lifted, Defendants' counsel had no reason to closely monitor the location or intention of the vessel. Defendants' counsel do not represent the vessel or its owner and operator. Defendants' management had been advised by counsel that the order vacating attachment had been stayed, and were surprised upon learning that the vessel had been released and had departed the jurisdiction.

Ultimately, any adverse consequence to Plaintiff could have been avoided had Plaintiff's counsel either advised counsel for Defendants that they had released the vessel or simply alerted the Marshal to the subsequent stay. When Plaintiff obtained the stay from the Court several hours before the vessel departed the Port of Houston, Plaintiff could have informed the Marshal and rescinded its earlier release of the

vessel. Plaintiff did not take this simple, logical step, and the vessel unhurriedly departed several hours later.

The fact that the vessel had been released and departed came as a surprise to Defendants and their counsel, but should have come as no surprise to Plaintiff's counsel who, after all, gave the authorization which permitted the vessel to sail.

Ironically, Plaintiff's having released the vessel from attachment and freeing it to leave the Court's jurisdiction has essentially rendered moot Plaintiff's request for an extension of the stay issued by the Court. Although Plaintiff previously obtained its requested relief of a stay, it has now requested a longer stay so that the court will not lose custody of the vessel before Plaintiff has taken steps to appeal to the Fifth Circuit. However, the exact situation Plaintiff had hoped to avoid by obtaining a longer stay (that the vessel might depart the jurisdiction and leave Plaintiff without security for its underlying claims) has now occurred precisely and solely because Plaintiff instructed the Marshal to release the vessel.

## CONCLUSION

By its own affirmative and unilateral actions (taken without the knowledge of Defendants' counsel) Plaintiff released the vessel to depart the jurisdiction. Plaintiff should therefore not be heard to complain that the vessel did indeed depart – particularly when, having obtained a stay of the order vacating the attachment but also having knowledge that it had already released the vessel, Plaintiff took no action to then attempt to re-assert the previously released attachment.

Defendants therefore request that Plaintiff's motion be denied in its entirety. Defendants ask for all other and further relief to which they may be justly entitled.

Respectfully submitted,

_____
Marc G. Matthews
Texas Bar #24055921
Federal ID No. 705809
700 Louisiana Street, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS AMAZING SHIPPING LTD. AND GEDEN HOLDINGS, LTD.**

PD.9781804.1

OF COUNSEL:
**PHELPS DUNBAR LLP**
Brian D. Wallace (LA Bar #17191; Fed. ID 205890)
wallaceb@phelps.com
Patricia Hair (TX Bar #8713500; Fed. ID 2960)
hairp@phelps.com
Michael M. Butterworth (LA Bar #21265; Admitted Pro Hac Vice)
butterwm@phelps.com

and

Watson, Farley, and Williams (New York) LLP
100 Park Avenue, 31st Floor
New York, New York 10017

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed with the Clerk, with a copy served electronically by the Clerk or by the undersigned via certified mail, return receipt requested, on this the 14th day of June, 2013 upon all counsel of record.

Marc G. Matthews