IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICON AMAZING, LLC | § § | |
| VERSUS | § § | C.A. NO. 4:13-CV-01449 |
| AMAZING SHIPPING LTD., GEDEN HOLDINGS, LTD. | § § § | |

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S EMERGENCY MOTION TO EXTEND AND/OR CLARIFY THE STAY ORDER OF MOTION AND ORDER TO VACATE ATTACHMENT AND FOR AN ORDER COMPELLING THE VESSEL TO RETURN AND/OR REMAIN IN THE JURISDICTION PENDING ISSUANCE OF WRITTEN REASONS AND APPEAL TO THE FIFTH CIRCUIT COURT**

Defendants file this sur-reply to Plaintiff's latest motion (Document No. 43) for the limited purpose of correcting additional false information provided by Plaintiff in its Reply (Document No. 46).

Defendants will not rehash here their previous arguments. The undersigned has told this Court exactly what the undersigned said to Judge Hughes on the evening of June 11. Because counsel for Plaintiffs admit that they were not present for that conversation it seems odd that they feel free to characterize what was said to Judge Hughes as a representation that the vessel would remain in the jurisdiction

PD.9785128.1

indefinitely. To reiterate, the undersigned was told by the Marshal's office, and then related to Judge Hughes, that the vessel could not go anywhere unless counsel for Plaintiff let it go. Judge Hughes then advised the undersigned that he would take up Plaintiff's motion at 8:30 the next morning.

Plaintiff's own Exhibit A to its Reply (Document No 46-1) demonstrates that at 8:18 a.m. the next morning Plaintiff's counsel were on notice that the vessel had been released and would not be re-attached by the Marshal without further order of this Court. Plaintiff's counsel also knew that no stay of the order vacating the attachment had been issued. Plaintiff states at page 4 of its Reply that because the vessel had already been released by the Marshal "it could only be restrained by a voluntary agreement of Geden and its counsel . . ." And yet, Plaintiff never made any effort whatsoever to contact counsel for Defendants to inform them that the vessel had been released or that such an agreement was needed. The record speaks for itself and shows that the vessel's release and departure was due entirely to the actions of Plaintiff's counsel.

Plaintiff has also represented to this Court that the vessel is

currently "hiding" off the coast of Galveston. This representation is based on data which on its face shows that it is from the morning of June 12, 2013 – more than two and a half days ago. More recent data, attached as Exhibit 1, shows that later that day the vessel was underway, making almost 14 knots, on a course and heading consistent with its planned route to the Bahamas. The vessel is en route to its next load port, and Plaintiff's statement that the vessel is offshore Galveston and hiding from this Court's jurisdiction is simply false.

Icon claims that *Jack Nielson, Inc. v. Tug PEGGY*, 428 F.2d 54 (5th Cir. 1970), is nearly identical to the present case. But that is not so. *PEGGY*'s owner was an actual vessel owner and operator, not a finance company like Icon financing a complex integrated seven-year multi-instrument ship sale/leaseback/sale finance transaction. And, unlike Jack Nielson, Inc., Icon expressly identified the monthly installment payments as amortized "principal" and "interest" paying down the ship sale/finance loan. As the Fifth Circuit noted, "[a]lthough the contract could have been converted into a sale at the **option** of either party, up to the time of its **termination** it had not been." *Id.* at 59. Here, of course, both the overall integrated transaction and the

Barecon 2001 were expressly designed to accomplish a vessel sale/finance transaction.

## CONCLUSION

Defendants request that Plaintiff's motion be denied in its entirety. Defendants ask for all other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ Marc G. Matthews

Marc G. Matthews
Texas Bar #24055921
Federal ID No. 705809
700 Louisiana Street, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS AMAZING SHIPPING LTD. AND GEDEN HOLDINGS, LTD.**

- 4 -

PD.9785128.1

OF COUNSEL:
**PHELPS DUNBAR LLP**
Brian D. Wallace (LA Bar #17191; Fed. ID 205890)
wallaceb@phelps.com
Patricia Hair (TX Bar #8713500; Fed. ID 2960)
hairp@phelps.com
Michael M. Butterworth (LA Bar #21265; Admitted Pro Hac Vice)
butterwm@phelps.com

and

Watson, Farley, and Williams (New York) LLP
100 Park Avenue, 31st Floor
New York, New York 10017

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed with the Clerk, with a copy served electronically by the Clerk or by the undersigned via certified mail, return receipt requested, on this the 14th day of June, 2013 upon all counsel of record.

_____
Marc G. Matthews